IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In Re: : BANKRUPTCY NO. 16-17667(JKF)
JEAN M. WINSTON :
: CHAPTER 13
Debtor :

### STIPULATION RESOLVING ALLY FINANCIAL INC.'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

THIS MATTER having been brought before the Court on a Notice of Motion for Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d) by Lavin, O'Neil, Cedrone & DiSipio, attorneys for Ally Financial Inc. and Zachary Perlick, Esquire attorney for Jean M. Winston (the "Debtor"), having consented to the entry of the within Order, and for good cause shown;

AND NOW COMES Ally Financial Inc., by and through their counsel, and state as follows:

(a) The Debtor financed the purchase of a 2011 Ford Escape, VIN: 1FMCU0E77BKB54635 (the "Vehicle") pursuant to the terms of a Retail Installment Sale Contract dated July 2, 2014 (the "Contract") which has been assigned to Ally Financial Inc.

(b) Pursuant to the Contract, Ally Financial Inc. maintains a perfected security interest in and to: (a) the Vehicle; (b) accessories, equipment and replacement parts installed in the Vehicle; and (c) service contracts on the Vehicle.

(c) On or about November 9, 2017, counsel for Ally Financial Inc. filed a Motion for Relief from the Automatic Stay.

(d) Debtor desires to retain possession of the Vehicle and provide adequate protection for Ally Financial Inc.'s interest in the Vehicle.

NOW THEREFORE, in consideration of the above, Ally Financial Inc. and the Debtor STIPULATE AND AGREE as follows:

1. Ally Financial Inc. will receive a total sum of $21,482.00 (payoff of $18,408.05 plus 6.25% interest over the life of the Plan) for the Vehicle through the Chapter 13 Plan.

2. The Debtor shall amend her Chapter 13 Plan to pay Ally Financial Inc. $18,408.05 plus 6.25% interest over the sixty (60) month plan for a total of $21,482.00 through the Chapter 13 Plan.

3. The Debtor shall make her trustee payments when due.

4. All payments shall be made payable to Ally Financial Inc., Payment Processing Center, P.O. Box 78367, Phoenix, AZ 85062-8367.

5. The Debtor hereby agrees to maintain insurance coverage in such types and amounts as are required by the Contract until such time as all amounts due Ally Financial Inc. under the Contract are paid in full.

6. If Debtor fails to comply with any of the stipulated terms herein, or if Debtor fails to make trustee payments within fifteen (15) days of due date, Ally Financial Inc. may be granted relief from the automatic stay with respect to the Vehicle upon filing a Certification of Counsel that Debtor is in default, together with a proposed Order to the Bankruptcy Court, and serving copies of the same upon the Trustee, Debtor and Debtor's counsel. It is also expressly understood that the notice and cure period provided herein, only applies with respect to Ally Financial Inc.'s ability to obtain relief from the automatic stay in this bankruptcy case and does not in any way apply to or restrict Ally Financial Inc.'s ability to pursue its rights pursuant to the Contract.

7. If for any reason Debtor's case is closed, terminated, dismissed or converted, the parties hereto agree and acknowledge that the terms of this agreed/stipulated order will be null and void and the parties are returned to the status quo with their respective rights under state law and the Contract.

8. This Stipulation may be executed by facsimile and such facsimile signatures shall be deemed as originals.

9. The signature pages of this Stipulation may be executed in counterpart and all such signature pages, when attached, shall become part of the original Stipulation.

CONSENTED TO BY:

DATED: 12-7-17

_____
ZACHARY PERLICK, ESQUIRE
Attorney for the Debtor

CONSENTED TO BY:

DATED: 12/11/17

_____
REGINA COHEN, ESQUIRE
Attorneys for Ally Financial Inc.

CONSENTED TO BY:

DATED: 12/12/17

_____
FREDERICK L. REIGLE, ESQUIRE
Chapter 13 Trustee

SO ~~ORDERED~~: APPROVED.

ENTERED ON: December 19, 2017

_____
JEAN K. FITZSIMON
United States Bankruptcy Judge

1971057v1

3